UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID FLEMING, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 8-53-B-K |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants ) | |

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL

On March 27, 2009 David Fleming filed his third motion for appointment of counsel, accompanied by his response to defendants' motion for summary judgment (Doc. Nos. 66 & 67). That summary judgment response had been due on March 11, 2009, after I granted Fleming a three-month extension in December 2008. I entered a memorandum of decision granting the defendants' motion for summary judgment on March 23, 2009, the clerk entered judgment in favor of the defendants on March 24, 2009, and mailed a copy of the judgment to Fleming that same date. Fleming's motion for appointment of counsel was signed and affirmed under penalty of perjury on March 25, 2009.

"There is no absolute constitutional right to a free lawyer in a civil case." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24. Fleming

maintains his case falls within this category and that presumably those same circumstances should excuse his late response to the motion for summary judgment. However, in these pleadings Fleming did not directly request additional time to file his response. He simply filed it with the motion for appointment of counsel.

Fleming indicates in his motion that he recently underwent hip replacement surgery and was in considerable pain for some time. He also complains about the medical treatment he received in connection with the lack of pain medication following his surgery. Fleming further points out that the prison inmate advocacy services have been eliminated due to budget constraints and that his access to legal materials and assistance has been greatly curtailed. He makes much of the fact that he cannot get any of his documents notarized, but the documents he filed were affirmed by him under penalty of perjury, a perfectly acceptable alternative to notarization. While I appreciate Fleming's health concerns, he received the three-month continuance he requested because of that anticipated surgery. Also, once Fleming elected to frame a response to the summary judgment, he did so in a coherent, albeit tardy, fashion. I do not find those exceptional circumstances exist in this case which would warrant the appointment of counsel. Accordingly, the Motion for Appointment of Counsel is hereby DENIED.

I have also reviewed Fleming's tardy response to the summary judgment motion. Although it does not conform to District of Maine Local Rule 56, he sets forth his version of the events in a straightforward manner. According to this most recent pleading, Fleming's problem persisted from February 12, 2008, until March 10, 2008, when an oral surgeon treated him and fully resolved the problem. By Fleming's own account during the approximately thirty days he experienced this problem he was seen a number of times

by various medical and dental health care workers.  He was prescribed antibiotics.  His complaints about his treatment from February 26, 2008, to March 10, 2008, are, at best, complaints about the quality of care he received, not complaints of deliberate indifference.  His major complaint is the period from February 12, 2008, until February 26, 2008, when he alleges he was denied all medical treatment.  He was unable to eat because of excessive bleeding from his mouth and could not sleep because of the problem.  It was during that time frame, on February 19, 2008, that he filed the instant complaint with the court, complaining that he had nothing to eat for six days and had lost what he describes as a massive amount of blood.  (Doc. No. 1.)  According to Fleming's complaint then, consistent with his summary judgment response, the primary defendant responsibile for his difficulties was Dr. Olatunji, who diagnosed his mouth injury as self-inflicted and reported him to security as an escape risk, resulting in Fleming being placed in segregation.

The actual summary judgment record reveals a different picture.  Between Fleming's first visit with Olantunji on February 12, 2008, and his second and final visit on February 26, 2008, he was seen on a number of occasions by different nurses, none of whom reported profuse bleeding and a couple of whom suspected the wound was self-inflicted.  They reported the situation to the security department.   Having reviewed Fleming's tardy response to the motion for summary judgment, I find nothing that causes me to change the factual and legal conclusions I reached in my memorandum of decision granting judgment to the defendants.  (Doc. No. 23.)

*So Ordered.*

March 30, 2009                              /s/Margaret J. Kravchuk
                                            U.S. Magistrate Judge