UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID FLEMING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONAL MEDICAL SERVICES, )<br>et al., )<br>Defendants. ) | Civil No. 8-53-B-K |

**ORDER**

David Fleming has filed a motion for reconsideration of the judgment entered by this Court on March 24, 2009.[1]  See Fleming v. Corr. Med. Servs.. __ F. Supp. 2d ___, 2009 WL 756925 (Mar. 23, 2009).  Having reviewed the docket entries in this matter, I agree with Fleming that in all probability he did not receive notification of my December 4, 2008, order granting him a ninety day extension until March 11, 2009, to file his response to the defendants' motion for summary judgment.  Normally the clerk notes on the docket that a copy of any electronically entered order has been mailed to a non-electronic filer by making an entry visible to court users only that verifies the order was mailed.  No such entry appears after the December 4, 2008, docket entry.  Nevertheless, I find no reason to vacate the judgment entered on March 24, 2009.

On March 27, 2009, Fleming did file his tardy response to the motion for summary judgment.  When I entered my order denying his renewed request for appointment of counsel (see Doc. No. 68) I had that response before me and I had

---

[1]  Fleming has also requested "de novo" review of that judgment. However, on May 29, 2008, the parties filed a consent to allow me to conduct any and all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial.  I conclude that the matter has been placed in my hands for final adjudication and there is no right to "de novo" review by the United States District Court judge.  Any appeal would have to be taken in accordance with the Federal Rules of Appellate Procedure.

reviewed it.  Fleming is not in anyway disadvantaged because the response was tardy.  If I had received the response on March 11, 2009, the result would have been the same.  Taking into consideration his March 27, 2009, submission, Fleming has had judgment entered against him because he has failed to generate genuine issues of material fact that would rise to the level of deliberate indifference to serious medical needs.

In light of the fact that Fleming may not have received notice of the extended deadline, I have once more reconsidered my memorandum of decision granting the motion for summary judgment and have again reviewed Fleming's response to the motion for summary judgment.  I am satisfied that the facts he offers in his affidavit, even if true, do not establish that CMS, or any of the dentists, doctors, or nurses employed by CMS, were deliberately indifferent to serious medical need.  See  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007); Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 161 (1st Cir.2006).  At best -- and, thus, putting aside the defendants' own record evidence suggesting that Fleming self-inflicted the abrasion in his mouth -- Fleming's allegations would support a conclusion that one dentist who treated him on two occasions did not perform in a medically competent manner.  Ruiz-Rosa, 485 F.3d at 156; Feeney, 464 F.3d at 161-62.  While there is a factual disagreement about the amount of bleeding that came from Fleming's mouth, it is self-evident that the degree of blood loss was not life threatening.   He was seen and treated, prescribed antibiotics, and the problem resolved within 30 days, albeit Fleming claims to continue to experience emotional distress.  Having fully reconsidered my prior order, I decline to withdraw the judgment previously entered.  Entry will be: Motion for

reconsideration granted to the extent that I fully considered all of Flemings pleadings and decline to modify the judgment previously entered.

***So Ordered.***

April 8, 2009                            /s/ Margaret J. Kravchuk
                                         U.S. Magistrate Judge